91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CALIFORNIA PACIFIC MEDICAL CENTER, a California non-profit
corporation, Plaintiff-Appellee,
v.
COPY-MOR, INC., an Illinois corporation; Leonard Steinberg;
Philip Steinberg, Defendants-Appellants.
 No. 95-15385.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 15, 1996.
Decided July 16, 1996.
 
 1
 Before: T.G. NELSON, TASHIMA, Circuit Judges and BURNS, District Judge.*
 
 
 2
 MEMORANDUM**
 
 I. OVERVIEW
 
 3
 Copy-Mor, Inc., an Illinois corporation, and its three principals appeal both the jury verdict and the denial of their motions for a new trial, and judgment notwithstanding the verdict in this breach of contract action brought by California Pacific Medical Center (CPMC). CPMC sued Copy-Mor and its principals for fraudulent inducement and breach of a 5-year exclusive contract whereby Copy-Mor agreed to supply all of CPMC's predecessor-in-interest's form printing needs. Copy-Mor counterclaimed for the value of unpaid invoices for forms delivered prior to the filing of CPMC's suit, as well as undelivered forms held at its warehouse in Illinois.
 
 
 4
 The jury awarded CPMC compensatory and punitive damages against Copy-Mor and its principals. The jury also ruled in favor of Copy-Mor on its counterclaim; however, it reduced the award by approximately 25% of the face value of the invoices.
 
 
 5
 We affirm the jury's verdicts, and the district court's denial of Copy-Mor's post-trial motions.
 
 II. DISCUSSION
 
 6
 A. Admission of Evidence on 1992 Contract Overcharges.
 
 
 7
 We review for an abuse of discretion, and will not reverse unless prejudice is shown. City of Long Beach v. Standard Oil Co., 46 F.3d 929, 936 (9th Cir.1995); see also Larez v. Los Angeles, 946 F.2d 630, 641 (9th Cir.1991).
 
 
 8
 At trial, CPMC introduced an exhibit prepared by its expert witness that compared Copy-Mor's prices for 1992 (contract year 2) with those charged by previous vendors for the same inventory items. Copy-Mor objected based on the assertion that the contract only guaranteed savings on previous vendors' prices for the first year--1991. Copy-Mor argues that the evidence was prejudicial because $92,000 of the compensatory damage award was attributable to 1992 overcharges.
 
 
 9
 The district court found that the contract contemplated that CPMC would continue to enjoy the promised favorable pricing until modified by mutual agreement. Thus, the jury could reasonably find that the prices charged in 1992 were in breach of that contractual promise.
 
 
 10
 Moreover, CPMC also made the distinct allegations that Copy-Mor's average price was approximately 33% higher than current market prices, and that Copy-Mor engaged in a fraudulent scheme whereby it unilaterally set excessive prices in breach of the parties' agreement. Thus, introduction of evidence related to Copy-Mor's 1992 prices was not an abuse of discretion because it was relevant to these specific aspects of CPMC's claim for damages.
 
 
 11
 Copy-Mor also argues that evidence of any 1992 pricing promises was inadmissible under the parol evidence rule. However, the parol evidence rule does not bar evidence that is consistent with a meaning to which a contract is reasonably susceptible. Brinderson-Newberg Joint Venture v. Pacific Erectors, Inc., 971 F.2d 272, 277 (9th Cir.1990). As discussed, the district court found that the contract contemplated that the promised price discounts for 1991 would continue until modified by mutual agreement of the parties. Thus, evidence of 1992 overcharges is consistent with this interpretation of the parties' agreement, and its admission was not an abuse of discretion.
 
 
 12
 B. CPMC's $25,000 Damage Award Attributable to Accountant's Fees.
 
 
 13
 We will uphold the jury's finding of the amount of damages unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork. Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 791 F.2d 1356, 1360 (9th Cir.1986). Further, we review a district court's denial of a motion for a new trial for an abuse of discretion. Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 278 (1989).
 
 
 14
 According to Copy-Mor, $25,000 of the $283,000 damage award was attributable to CPMC's expert witness fees, rather than any consequential damages arising as a result of Copy-Mor's breach.
 
 
 15
 Copy-Mor cites Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987), for the proposition that awards of a party's expert witness costs are disallowed in the federal courts. However, Crawford Fitting cannot be read for the blanket proposition that expert witness fees can never be recovered. The decision merely acknowledges the statutory limits on the amount that a federal court may award. Id. at 439.
 
 
 16
 In Los Angeles Memorial Coliseum Comm'n, we noted that an appellate court should "undertake only limited review of jury damages awards...." 791 F.2d at 1365. "Even a total inadequacy of proof on isolated elements of damages claims submitted to a jury will not undermine a resulting aggregated verdict which is nevertheless reasonable in light of the totality of the evidence." Id. at 1366.
 
 
 17
 Here, the district court entered judgment on CPMC's breach of contract claim in the amount of $283,000, with no breakdown of the separate elements included within the award. Copy-Mor assumes that the $25,000 was awarded as consequential damages because CPMC's expert witness testified that the accounting fees generated to date were around $26,000. However, there is nothing on the face of the jury's award to support this assumption.[1] Therefore, we find that the jury's aggregated compensatory damage award is reasonable in light of the totality of the evidence of Copy-Mor's breach. See id. at 1366.
 
 
 18
 C. The Jury's Finding of Fraudulent Inducement and Award of Punitive Damages.
 
 
 19
 We review a jury verdict for substantial evidence. See Murray v. Laborers Union Local No. 324, 55 F.3d 1445, 1452 (9th Cir.1995). We review a district court's denial of a motion for a new trial or remittitur of punitive damages for an abuse of discretion. Browning-Ferris Indus. v. Kelco Disposal, Inc., 492 U.S. 257, 279 (1989).
 
 
 20
 Copy-Mor argues that CPMC's evidence of fraud was insufficient to support the verdict. The district court rejected Copy-Mor's motion for a new trial on this ground, finding that "[t]he verdict was not against the weight of the evidence or seriously erroneous."
 
 
 21
 California law defines fraud as "the making of a promise done without an intention of performing the obligation." Las Palmas Assoc. v. Las Palmas Center Assoc., 235 Cal.App.3rd 1220, 1238 (1991) (citing Calif.Civ.Code § 1710(4)). "[T]he subsequent conduct of a defendant, such as his failure to immediately carry out his pledge has some evidentiary value to show that a defendant made the promise without the intent to keep the obligation." Id. at 1239 (citations omitted).
 
 
 22
 As the district court noted, CPMC produced evidence from which the jury could infer that Copy-Mor's principals never intended to honor their contractual promises, including that they: 1) failed to provide an itemized price list, then offered noncredible reasons for their belief that the parties agreed to use the prior vendor's prices; 2) unilaterally modified prices upon receipt of hospital purchase orders; 3) asserted frivolous reasons for not honoring the price savings guarantees; and 4) failed to provide the semi-annual cost analyses required under the contract. Further, CPMC points to Leonard Steinberg's testimony that Copy-Mor never promised to lower its prices as compared to previous vendors--a statement that was contrary to the explicit terms of the contract.
 
 
 23
 These facts meet this Circuit's standard of "such relevant evidence as reasonable minds might accept as adequate to support a conclusion." See Murray, 55 F.3d at 1452. Thus, the jury's conclusion that Copy-Mor's principals committed fraud is supported by substantial evidence, and the district court did not abuse its discretion by denying Copy-Mor's motion for a new trial, or remittitur of the damage award in the alternative, on this ground.[2]
 
 
 24
 D. Denial of Copy-Mor's Motion For Judgment Notwithstanding The Verdict On Its Counterclaim.
 
 
 25
 We review the denial of a motion for judgment notwithstanding the verdict de novo. Bank of the West v. Valley Nat'l Bank of Arizona, 41 F.3d 471, 477 (9th Cir.1994).
 
 
 26
 Copy-Mor argues that the jury erroneously reduced its counterclaim damage award from the $452,273.03 ($374,068.78 for goods delivered plus $78,204.25 for goods held in Copy-Mor's Chicago warehouse) originally claimed to $338,000--representing an approximate 25% reduction from the total.
 
 
 27
 Under California law, where parties to a contract intend not to be bound unless a price is fixed or agreed, the buyer is liable for the "reasonable value" at the time of delivery for any goods already received. See Calif.Comm.Code § 2305 (West.Ann.1964). As the district court noted, Copy-Mor's employee testified that the prices on the purchase orders were unilaterally set by Philip Steinberg.
 
 
 28
 Based on this and other evidence presented, the jury could reasonably find that there was no agreement from anyone with authority at CPMC to the prices on Copy-Mor's invoices. Further, the jury was properly instructed in accordance with California Commercial Code section 2305, that if they found no meeting of the minds with respect to price, they should find that CPMC was liable to Copy-Mor for the reasonable value of the goods sold and delivered.
 
 
 29
 Thus, the jury's reduction on Copy-Mor's counterclaim was reasonable in light of the evidence produced regarding Copy-Mor's breach of the price terms of the agreement. Accordingly, the district court properly denied Copy-Mor's motion for judgment notwithstanding the verdict.
 
 
 30
 E. Admission of Survey Results.
 
 
 31
 We review for an abuse of discretion. City of Long Beach, 46 F.3d at 936; see also Larez, 946 F.2d at 641.
 
 
 32
 Copy-Mor argues that the district court improperly admitted the results of a survey conducted prior to the instant litigation by CPMC on forms vendor performance. The district court found several independent bases for admission of the surveys including, inter alia, to show CPMC's materials manager's state of mind as relevant to Copy-Mor's claim that CPMC terminated the contract in bad faith, and for the non-hearsay purpose of showing CPMC's notice to Copy-Mor of its poor performance under the contract.
 
 
 33
 "If evidence, otherwise hearsay, falls within any exception to the hearsay rule, it is admissible." Sica v. U.S., 325 F.2d 831, 836 (9th Cir.1963), cert. denied 376 U.S. 952 (1964). The trial court acted within its discretion by admitting the surveys on these two grounds because the evidence was central to CPMC's defense against Copy-Mor's claim that it terminated the contract in bad faith, and with improper motive. See also Forro Precision, Inc. v. International Business Machines Corp., 673 F.2d 1045, 1057 (9th Cir.1982) (holding that trial court did not abuse its discretion by admitting hearsay evidence for the limited purpose of showing defendant's state of mind).
 
 
 34
 Copy-Mor's contention that the evidence was unduly prejudicial is similarly without merit because there was ample evidence from which the jury could conclude that Copy-Mor's poor performance under the contract justified CPMC's termination. See, e.g., Ackley v. Western College of Teamsters, 958 F.2d 1463, 1470 (9th Cir.1992) (an erroneous evidentiary ruling is prejudicial unless "it is more probable than not that the result in the district court was untainted by the error.").
 
 
 35
 Further, as CPMC points out, five of the eleven survey respondents who rated Copy-Mor negatively were called as witnesses, and were cross-examined by Copy-Mor. Thus, it is unlikely that any prejudice resulting from admission of the surveys tainted the jury's ultimate findings.
 
 III. CONCLUSION
 
 36
 We affirm the jury's verdicts in all respects. Similarly, the district court's order denying Copy-Mor's motions for a new trial and judgment notwithstanding the verdict are also AFFIRMED.
 
 
 
 *
 Honorable James M. Burns, Senior District Judge for the District of Oregon sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court addressed this assumption in its order denying Copy-Mor's motion for a new trial on compensatory damages. The court found that even if the $25,000 was awarded as consequential damages, "[t]he jury could reasonably find that Plaintiff's expenses in retaining an accounting firm to evaluate the pricing performance resulted from the breach of the contract and were reasonably foreseeable at the time the contract was made...."
 
 
 [2]
 In a citation of supplemental authority filed after submission of this case, Copy-Mor draws our attention to the recent Supreme Court decision in BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996) which reversed a jury's punitive damage award as "grossly excessive" in light of the low level of reprehensibility in the defendants' conduct, and the 500:1 ratio between the punitive damage award and the plaintiff's actual damages. Because the $400,000 punitive damage award determined here is not "grossly excessive" as compared to the $283,000 compensatory damage figure, we cannot conclude that the award "enter[s] the zone of arbitrariness that violates the Due Process Clause ..." Id. at 1595. Further, we reject Copy-Mor's contention that a "closer" standard of review is warranted when analyzing the factual determinations underlying a jury's award of punitive damages. Neither the BMW case, nor Ninth Circuit precedent compels more heightened scrutiny than a review for substantial evidence